**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Patricia Buss, | ) | CV 05-4112-PCT-PGR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| | ) | |
| Social Security Administration, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are the parties' Cross Motions for Summary Judgment.  The Court now rules on the motions.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff filed a Title II application for Disability Insurance Benefits on March 21, 2001 alleging disability since December 8, 2000.  The application was denied initially and on again on reconsideration, prompting  the Plaintiff to file a request for a hearing on February 12, 2002.  A hearing was held before Administrative Law Judge ("ALJ") Paisley on August 14, 2002.

On October 7, 2002, ALJ Paisley issued a partially favorable decision in which he declared the Plaintiff to be disabled during the closed period from December 8, 2000 to August 1, 2002. The Plaintiff promptly appealed this decision arguing that her disability had

1   not ended on August 1, 2002.  The Appeals Council, in an order dated May 13, 2004, vacated

2   ALJ Paisley's October 2002 decision and remanded the case to another ALJ.  The Appeals

3   Council's remand order stated that the ALJ must reevaluate the Plaintiff's disability and

4   limitation for the entire period at issue.  The ALJ was required to give consideration to the

5   treating, examining, and non-examining medical opinions for the entire period in question;

6   ensure that the Plaintiff's symptoms and credibility were fully evaluated under applicable

7   law; obtain evidence, if necessary, from an orthopedic medical expert to clarify the nature

8   and severity of the Plaintiff's impairment; and obtain evidence from a vocational expert to

9   clarify the effect of the Plaintiff's limitations on the occupational base.

10      Based on the Appeals Council's remand order, a hearing was held on November 2,

11   2004 before the presiding ALJ, Ronald S.  Robins.  At the hearing, a vocational expert was

12   present pursuant to the remand order.  On April 4, 2005, ALJ Robins concluded that the

13   Plaintiff was not entitled to a period of disability or Disability Insurance Benefits.  The

14   Plaintiff now appeals that unfavorable decision and argues that the ALJ's decision is in direct

15   conflict with the previous ALJ's opinion and does not comport with the Appeals Council's

16   remand order.  The Defendant responds that the final decision of the ALJ was supported by

17   substantial evidence, thus making it conclusive upon this Court.

18   **II.   LEGAL STANDARD AND ANALYSIS**

19      The Social Security Act confines the scope of judicial review to evidence within the

20   administrative record.  See 42 U.S.C.A. § 405 (West 2000).  Therefore, this Court will treat

21   the Plaintiff's Motion for Summary Judgment as a motion for reversal of the ALJ's decision,

22   and the Defendant's Cross-Motion for Summary Judgment as a motion for affirmance.[1]  See,

23   e.g., Higgins v. Shalala, 876 F. Supp. 1224, 1226 (D. Utah 1994) (collecting cases and

24   discussing the appropriate treatment of summary judgment motions requesting review of

25

26      [1]The Court notes that the Plaintiff failed to file a Reply Brief in support of her own Motion
    for Summary Judgment or a response in opposition to the Defendant's Cross-Motion for Summary
27   Judgment.

28

administrative decisions). Concerning such motions, this Court is only authorized to review: (1) whether the ALJ's decision is supported by substantial evidence; and (2) whether the decision is based on the correct legal standards. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's denial of benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003).

Substantial evidence is relevant evidence that a reasonable mind "might accept as adequate to support a conclusion." Smolen, 80 F.3d at 1457. To determine whether an administrative decision is supported by substantial evidence, the Court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the [ALJ]'s conclusion." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the evidence can support either affirming or reversing the ALJ's decision, the Court must uphold the decision. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995). Reviewing courts are prohibited from accepting post hoc rationalizations for agency action. See, e.g., NLRB v. Metro Life Ins. Co., 380 U.S. 438, 441 (1965); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001). Thus, the decision must be upheld, if at all, on the grounds that the ALJ articulated in his order. Pinto, 249 F.3d at 847.

To qualify for disability benefits under the Social Security Act, a claimant must show: (1) he suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment prevents him from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The claimant bears the initial burden of proving that he is disabled. 42 U.S.C. § 423(d)(5); Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). Where the claimant establishes his inability to perform his previous work, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful work which exists in the national economy. Reddick, 157 F.3d at 721.

1      The Social Security Regulations set forth a five-step sequential process for evaluation

2  of disability claims.  See 20 C.F.R. § 404.1520.  A claimant is not disabled if, at any point

3  in the five-step disability determination process, a finding of not-disabled can be made.  Id.

4      First, the ALJ determines whether the claimant is currently engaged in substantial

5  gainful activity.  See 20 C.F.R. § 404.1520(b).  As long as the Plaintiff is not gainfully

6  employed, the hearing officer must proceed to the next step of the analysis.  In this case, the

7  ALJ specifically found that the Plaintiff engaged in no substantial gainful activity after the

8  date she alleged her disability began, December 8, 2000; therefore, he properly  proceeded

9  to the next step in the process.

10      At the second stage, the ALJ determines whether the claimant has a severe impairment

11  by reviewing the medical evidence.  20 C.F.R. § 404.1520(c).  If the claimant's impairment

12  is severe, the ALJ proceeds to step three and determines whether the impairment meets or

13  equals one of a list of specific impairments in the regulations.  20 C.F.R. § 404.1520(d).  The

14  ALJ's decision in the present matter reflects that he concluded that Plaintiff suffers from

15  severe medically determinable impairments described as mild depression, cervical

16  radiculopathy, fibromyalgia, neck and arm pain, and chronic pain.  However, when

17  completing the third step of the required analysis, the ALJ determined that Plaintiff's

18  impairments were neither listed nor medically equivalent to any impairment listed at 20

19  C.F.R. § 404, Subpart P, Appendix 1A.  The ALJ concluded that no treating or examining

20  physician indicated findings that would satisfy the severity requirements of any listed

21  impairment.  In reaching this determination, the ALJ considered the opinions of the State

22  agency medical consultants who evaluated this issue at the initial and reconsideration levels

23  of the administrative review process and who had reached the same conclusions.

24      In the fourth step, the hearing officer determines whether the claimant can still

25  perform past relevant work.  See 20 C.F.R. § 404.1520(e).  If the claimant can perform such

26  work, the ALJ denies the claim.  Id.  However, if the claimant is unable to do past relevant

27  work, the hearing officer proceeds to the fifth step of the analysis.  Id.  The ALJ involved

28

in Plaintiff's claim held that although the Plaintiff is unable to perform her past relevant work, the Plaintiff does retain the physical residual functional capacity ("RFC") to perform the full range of sedentary exertional work.

In seeking a reversal of the ALJ's decision,  the Plaintiff argues that ALJ Robins abused his discretion by declaring that the degree of pain and limitations alleged by the Plaintiff were inconsistent with the record.  The Plaintiff maintains that her statements and allegations of pain remained consistent with the medical record throughout the course of her treatment, and the ALJ improperly rejected her testimony.

Once a claimant has established an underlying medical impairment which could reasonably be expected to produce subjective symptoms, the ALJ must give specific, clear and convincing reasons to reject allegations of subjectively disabling symptoms.  Thomas v. Barnhart, 278 F.3d 947, 959-60 (9th Cir. 2002).  However, the ALJ's findings are entitled to deference if they are supported by substantial evidence ("properly supported by the record") and are "sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding [subjective symptoms]."  Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991 (en banc); see 42 U.S.C. § 405(g)("[t] findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); Social Security Ruling ("SSR") 96-7p.  A reviewing court should not be forced to speculate as to  the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain.

An ALJ may consider various factors in assessing the credibility of the allegedly disabling subjective symptoms.  See C.F.R. §  404.1529 (2006); see Bunnell, 947 F.2d at 346-47.  These factors include: (1)The nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3)Type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) Treatment, other than medication, for relief of pain; (5) Functional restrictions; (6) Claimant's ability to do daily activities; (7) Unexplained or inadequately

1   explained failure to seek medical treatment or follow a prescribed course of treatment; and
2   (8) Ordinary techniques of credibility evaluation.  See Bunnell, 947 F.3d at 346-47; see 20
3   C.F.R. § 404.1529 (2006); SSR 96-7p.

4       Although the Plaintiff contends that the ALJ improperly rejected her testimony, the
5   Court disagrees.  The ALJ properly articulated specific, clear and convincing reasons for
6   rejecting Plaintiff's testimony regarding her inability to work as required by the applicable
7   law.  The ALJ specifically stated that he found the Plaintiff credible only to the extent that
8   her subjective complaints of pain precluded her from lifting and carrying heavy objects as
9   well as engaging in any prolonged walking and standing.  As such, the ALJ determined that
10  the Plaintiff's residual functional capacity should be   reduced to accommodate the
11  aforementioned limitations.  However, the ALJ opined that he did not find credible the
12  Plaintiff's allegations that she is incapable of all work activity due to significant
13  inconsistencies in the record as a whole.  As the Defendant properly points out, by limiting
14  the claimant, who is a younger individual at age 45, to performing no more than sedentary
15  work, it is evident that the ALJ found some of  Plaintiff's allegations regarding the severity
16  of her pain and limitations credible.  Simply not to the degree alleged.  Had the ALJ not
17  found Plaintiff's allegations of disabling pain partially credible, he would not have limited
18  such a younger individual to performing only sedentary work.

19      For example, the ALJ determined that on examination of the Plaintiff, abnormal
20  clinical findings were limited largely to findings of tenderness in her rhomboids, and that she
21  had no objective evidence of any spinal problems that would explain her continued
22  complaints of disabling pain.  Moreover, as noted by the ALJ, the record is devoid of any
23  evidence of pathological reflexes, sensory deficits, or weakness in the upper or lower
24  extremities. In addition, the ALJ's decision was influenced by the fact that Plaintiff's treating
25  physician failed to refer her to a pain clinic or a specialist for further evaluation or treatment,
26  nor did he ever recommend that the Plaintiff be evaluated by a rheumatologist for either
27  treatment or an evaluation to see if she meets the American College of Rheumatology's

28

findings to support his diagnosis of fibromyalgia.   Although the mere absence of objective medical evidence cannot serve as the sole basis for rejecting subjective allegations of pain, it is well recognized that it is one valid consideration.  Wainright v. Secretary of HHS, 939 F.2d 680, 682 (9th Cir. 1991).

In addition, the ALJ considered that, despite alleging she uses her left arm only to do housework and other daily tasks, "there is no evidence of muscle wasting or flaccidity of her right upper extremity to indicate such non-use."  As the Defendant notes, it was proper for the ALJ to make this finding since a likely consequence of debilitating pain is inactivity and a likely consequence of inactivity is muscular atrophy. See, e.g., Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999).

The ALJ concluded that the Plaintiff's current daily activities were consistent with the ability to perform sedentary exceptional work based on her own testimony.  For example, the Plaintiff testified that she can do some housework and cooking, and that she shops with her husband and daughter.  Although the Plaintiff maintains that she cannot sit for more than 20 minutes, the ALJ found no objective medical evidence to support this allegation, nor does this Court. Furthermore, such a statement is inconsistent with other portions of her testimony regarding  her ability to go on weekend drives with her husband.  The ALJ's decision also notes that the Plaintiff's medical records reflect her statement that oxycontin has "an amazing effect" on her pain.  It is  proper for an ALJ to consider a conflict between the Plaintiff's subjective complaints and the medical evidence when rejecting a Plaintiff's testimony. Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).  Based on the foregoing, the Court concludes that it was proper for the ALJ to determine that the Plaintiff lacked credibility as the finding is supported by substantial evidence.[2]

---

[2]Although the Plaintiff contends that evaluators hired by the Disability Determination Services (DDS), State Agency Physicians, found her subjective symptoms consistent with statements she made in April and September of 2001, the Court finds this both inaccurate and  unpersuasive. Both State Agency Physicians, Dr. MacCollum and Dr. Angelchick, found the Plaintiff to be not disabled.  Dr. MacCollum opined that the Plaintiff retained the ability to perform light exertional

1    The Plaintiff's next argument is that the ALJ abused his discretion by declaring that

2 she retains the RFC to perform a full range of sedentary work.  However, the Court disagrees

3 and concludes that the ALJ properly determined Plaintiff's RFC.  In concluding that the

4 Plaintiff retains the RFC to perform a full range of sedentary work, the ALJ properly rejected

5 the opinion of Plaintiff's treating physician, Dr. Campbell.  As pointed out by the ALJ, Dr.

6 Campbell has provided multiple opinions on the Plaintiff's behalf.  In September of 2004, Dr.

7 Campbell opined that the Plaintiff was unable to perform the full range of sedentary level

8 activities and specifically noted that she could occasionally lift 20 pounds, frequently lift less

9 than 10 pounds, stand and/or walk for two hours total in a eight hour work day and sit for

10 four hours total in an eight hour workday.  He also maintained that kneeling, crouching, and

11 crawling were precluded as were more than occasional climbing, stooping and reaching.  The

12 ALJ rejected this opinion and determined that it was not supported by Dr. Campbell's

13 evaluation of the Plaintiff.

14    First, the ALJ notes that there is no medical evidence to support Dr. Campbell's

15 opinion that the Plaintiff's ability to sit is compromised.  Furthermore, although Dr. Campbell

16 opines that the Plaintiff is so limited by her pain, as previously noted in this order. he does

17 not recommend any sort of pain specialist, surgical consultations, x-rays, or other diagnostic

18 tests.  In addition, the ALJ found Dr. Campbell's September 2004 evaluation to be

19 inconsistent with his opinion rendered in August of 2002.  In August of 2002, Dr. Campbell

20 opined that the Plaintiff was able to stand/walk for four hours in an eight hour work day;

21 however, in 2004 he determined that she can only stand/walk two hours out of an eight hour

22 workday.  The medical evidence contained in the record before this Court does not support

23 a finding that the Plaintiff's condition worsened in any way during this period.

24

25

_____

26 work and Dr. Angelchick concluded that she could perform between light and sedentary work.  As
noted by the Defendants, both doctors reviewed the evidence in 2001 when the record was fairly

27 sparse and neither heard the Plaintiff testify.

28                    –  8  –

However, this is not the only inconsistency the ALJ finds in Dr. Campbell's various opinions.  For example, in August of 2002,  Dr. Campbell opined that the Plaintiff could never balance, but in September of 2004, he stated that balancing was not problematic. Furthermore, in prior statements Dr. Campbell concluded that the Plaintiff could be retrained to perform a less strenuous job than her past work.  Another compelling inconsistency lies with Dr. Campbell's statement in August of 2002 that both inactivity as well activity exacerbated the Plaintiff's condition and increased her pain.  However, the Plaintiff's own testimony before ALJ Robins was  that activity increased her pain.  This raises the question noted by the ALJ in his opinion: "If inactivity exacerbates the Plaintiff's condition then why would Dr. Campbell opine that the Plaintiff's activity be limited?"  When a treating physician's opinions do not have supporting objective evidence, are contradicted by other medical records, and are based on the patient's subject descriptions of symptoms, and ALJ need not fully credit them.  Batson v. Commissioner of Social Security, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004).

Moreover, both State Agency Physicians opined that the Plaintiff could perform between sedentary and light work.  As noted by the Defendant, the opinions of a state agency non-examining physician may serve as substantial evidence where, as here, those opinions are supported by other evidence in the record.  Morgan, 169 F.3d at 600.  Based on the evidence discussed above, the Court concludes that the ALJ properly determined that the Plaintiff retained the FRC for sedentary work.

The Plaintiff's next argument is that since a previous ALJ had already found her to be limited to the performance of less than sedentary work, the latter ALJ erred in holding otherwise.[3]  The Court finds this assertion without merit.  Despite Plaintiff's arguments to the

---

[3]Although the Plaintiff alleges that ALJ Robins revealed a serious prejudice against her, the Court finds this argument wholey unpersuasive.  The Court must start from the presumption that administrative adjudicators are unbiased and exercise their decision making authority with honesty and integrity.  Withrow v. Larking, 421 US 35, 47 (1975). In order for the Plaintiff to overcome this presumption, she must show that the ALJ engaged in conduct that was so extreme it deprived the

1   contrary, the previous ALJ's opinion was not the final decision of the Commissioner.  An

2   ALJ's decision does not become final until the claimant requests review before the Appeals

3   Council, and the Appeals Council either grants or denies review.  In this case, the October

4   2002 partially favorable decision was appealed by the Plaintiff.  The Appeals Council

5   granted the request for review, vacated the ALJ's October 2002 decision and remanded the

6   case for further proceedings.  After a hearing, an ALJ issued a decision on April 4, 2005

7   which became final on September 25, 2005.  That is the decision at issue in the present

8   appeal.  Pursuant to applicable law, this Court's review is limited to the final decision of the

9   Commissioner; and a vacated ALJ's decision is not reviewable.  Flaten v.Secretary of HHS,

10  44 F.3d 1453, 1457-58 (9th Cir, 1995).

11  **III.    CONCLUSION**

12          Based on the analysis contained above, the Court concludes that the ALJ properly

13  considered the credibility of Plaintiff's allegations regarding the degree of her disabling pain

14  and physical limitations.  The ALJ articulated specific, legitimate reasons for  partially

15  rejecting the Plaintiff's subjective complaints as well as for rejecting the inconsistent,

16  unsupported opinions of the Plaintiff's treating physician, Dr. Campbell.  Furthermore, the

17  Court concludes that the ALJ properly determined that the Plaitniff retained the residual

18  functional capacity for a full range of sedentary work.  Since the October 2002 decision of

19  ALJ Paisely  was not a final agency decision, the RFC assessment contained in that ruling

20  has no bearing on the final agency decision  decision currently on review before this Court.

21  As such,

22          IT IS ORDERED that the Plaintiff's Motion for Summary Judgment (Doc. 5) is

23  DENIED.

24          IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment

25  (Doc. 8) is GRANTED.  The decision of the ALJ is affirmed thereby concluding this case.

26

27  hearing of fundamental fairness.  See, e.g., Bracy v. Gramley, 520 US 899, 901-04 (1997).  In this case, the Plaintiff has made no showing that the ALJ prejudged her claim.

28

DATED this 27th day of March, 2007.

Paul G. Rosenblatt
United States District Judge